UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE TORREZ,

    Plaintiff,

v.

                          CASE NO. 1:05-CV-364

                          HON. ROBERT J. JONKER

KENNETH MCKEE,

    Defendant.

_____/

## ORDER AND JUDGMENT
## APPROVING REPORT AND RECOMMENDATION

This matter is before the Court on the Magistrate Judge's Report and Recommendation (docket # 37) recommending denial of the habeas petition in this case. The Report is a careful and exhaustive analysis of each of Petitioner's nine grounds for relief. Petitioner filed timely objections to the Report on each issue (docket # 38). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

After de novo review, the Court rejects Petitioner's objections and finds that the Magistrate Judge's Report was legally and factually correct.

The underlying case involved a bar fight in which Petitioner shot two bouncers outside the bar entrance. The Report details the trial evidence. The jury found Petitioner guilty of assault with intent to murder; assault with intent to do great bodily harm less than murder; and possession of a firearm during commission of a felony.

### Issue I:  Rex Bell Incident

Petitioner first argues he is entitled to habeas relief because the trial court rejected his offer of proof regarding an incident in which his friend, Rex Bell, died after being subdued by bouncers. The event occurred several years before the one at issue here. It was at a different bar and involved different bouncers. The trial court excluded the evidence as more prejudicial (by potential for confusion) than probative. The Magistrate Judge here rejected Petitioner's habeas claim both for unexcused procedural default and on the merits.

Petitioner's objection relies heavily on *Abela v. Martin*, 380 F.3d 915 (6th Cir. 2004), in which the Court found on the unique procedural facts of that case that the Michigan Supreme Court's simple recital of M.C.R. 6.508(D) in a form order denying leave was insufficient to invoke the procedural bar rule. In *Abela*, the Michigan Court of Appeals had rejected the post-judgment motion "for lack of merit in the grounds presented," suggesting a merits based decision rather than a procedural bar. Here, both the Michigan Court of Appeals and the Michigan Supreme Court invoked the procedural bar of M.C.R. 6.508(D) in rejecting Petitioner's post-conviction motion, and neither court suggested a merits based consideration of any kind. This makes the case more akin to *Ivory v. Jackson*, 509 F.3d 284 (6th Cir. 2007), which distinguished *Abela* and applied earlier

Sixth Circuit precedent enforcing the M.C.R. 2.508(D) procedural bar in rejecting habeas relief. *See Simpson v. Jones*, 238 F.3d 399 (6th Cir. 2000); *Burroughs v. Makowski*, 282 F.3d 410 (6th Cir. 2002).

Even if the claim were not barred by an unexcused procedural default, Petitioner could not succeed on the merits. The constitutional right to present a defense does not automatically entitle a person to present whatever evidence he or she likes. The trial court here carefully assessed potential probative value, weighed the risk of prejudice and confusion and decided for entirely justifiable reasons to exclude the testimony. Petitioner was still allowed to present other evidence of his concern for his brother's welfare. His counsel argued the point under appropriate instructions on the intent element of the crime charged. There was nothing arbitrary or disproportionate in the trial judge's application of the rules of evidence to warrant constitutional relief under *United States v. Scheffer*, 523 U.S. 303, 308 (1998).

### Issue II: Defense Witness in Handcuffs

Petitioner's brother testified at trial as a defense witness. He was in custody at the time for an unrelated matter. The trial court had the brother testify in jail clothing and handcuffs. Petitioner says this prejudiced the defense, presumably as a matter of Fourteenth Amendment due process. The Magistrate rejected this ground on the merits without expressly deciding the procedural default issue. Petitioner's objections are unpersuasive.

As a threshold matter, Petitioner is likely procedurally defaulted by failing to invoke any federal constitutional ground before his collateral attack. The Michigan Court of Appeals and Michigan Supreme Court properly invoked the procedural bar of M.C.R. 2.508(D), and Petitioner cannot establish cause excusing the default. Petitioner's argument that appellate counsel's failure

to include federal citations is automatically enough to excuse procedural bar would effectively eliminate the procedural bar whenever appellate counsel chose, for whatever reason, to focus their appellate argument on state grounds only. Indeed, in this case, the Michigan Court of Appeals agreed with Petitioner that the presentation of the defense witness in handcuffs, violated state law, in the absence of any showing of need to restrain to maintain order, though the court found the error harmless on this record.

But more substantively, Petitioner's claim fails on the merits because the state court judge's decision to keep a defense witness in jail clothes and handcuffs does not amount to constitutional error warranting habeas relief. The Supreme Court of the United States has not clearly established a constitutional right to have witnesses presented without restraints and in street clothes. The Supreme Court has, of course, established this rule for criminal defendants themselves based principally on the constitutional presumption of innocense. But to say an accused has the right at trial, or even that a convicted person has this right during the sentencing phase of a capital case, *Deck v. Missouri*, 544 U.S. 622 (2005), says little, if anything about the presentation of a non-party witness for either side. Petitioner has not identified any Supreme Court decision extending the constitutional rule to any person other than a criminal defendant. Accordingly, there is no basis for habeas relief.

### Issue III: Impeaching the Jury Verdict

Petitioner's objection to the Magistrate Judge's conclusion on this issue breaks no new ground. Once again, the issue appears procedurally defaulted, but it is not necessary to rest on that because the claim has no merit as a constitutional basis for habeas relief. The record discloses no external influences whatsoever brought to bear on the jury process. At most, the record suggests

vigorous debate within the jury among the jurors. The law has long refused to probe into the particulars of the internal process of the jury. *See Tanner v. United States*, 483 U.S. 107 (1987).

### Issue IV: Ineffective Plea Bargain Assistance

The Magistrate Judge rejected this asserted ground for relief both for procedural default and for failure to comply with the strict requirements of AEDPA requiring development of a factual record in the state court. 28 U.S.C. § 2254(e)(2). Petitioner's objections do not address the AEDPA analysis, and do not attempt to argue that one of the AEDPA's statutory exceptions apply. The Court recognizes that the AEDPA has limited potential habeas relief in several significant ways, and this is one of those ways. But that is not a reason for this Court to ignore its requirements. Accordingly, because Petitioner did not develop the factual basis for his claim in state court, as required by AEDPA, he cannot obtain habeas relief on this ground, even assuming that Petitioner could establish cause sufficient to excuse the procedural default.

### Issue V: Prosecutor's Question About Gang Affiliation

The Magistrate Judge correctly concluded that the prosecutor's question to a defense witness about gang affiliation suggested by a tattoo did not infect the proceedings with constitutional error warranting habeas relief. Indeed, it does not appear the question was improper in any way. The prosecutor asked. The witness denied. The Court gave proper instructions regarding what was evidence (the witness' testimony) and what was not (the questions of the lawyers).

### Issue VI: Sufficiency of the Evidence

The Petitioner's objections here break no new ground. Whether under state law – as Petitioner presented the issue on direct appeal – or under federal law – as Petitioner now argues – the relevant standard is whether a rational trier of fact could find each element of the crime charged,

considering the facts in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Assuming the absence of procedural default, Petitioner's claim fails on the merits because a reasonable jury could easily infer the required specific intent to kill based on the evidence adduced at trial. Both the state court and the Magistrate Judge's Report summarize the evidence, and the inference permissible from it.

### Issues VII - IX

These issues involve claims regarding performance of counsel. Issue VII involves the trial court's decision not to appoint new counsel; Issue VIII claims of ineffective assistance of trial counsel; and Issue IX, claims of ineffective assistance of appellate counsel. Petitioner's objections here break no new ground, and essentially reargue the issues presented to the Magistrate Judge. The objections on these issues do not directly confront the analysis of and authority cited by the Magistrate Judge in the closing thirteen pages of the Report. The Court is persuaded upon do novo review that the Magistrate's analysis of these issues are legally sound and factually correct.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed June 9, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the habeas corpus petition is **DENIED**.


Dated:     March 2, 2009            /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE